USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/26/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAFE STEP WALK-IN TUB CO.,

                Plaintiff,

-against-

CKH INDUSTRIES, INC.,

                Defendant.

OPINION AND ORDER
15-cv-07543 (NSR)

---

NELSON S. ROMÁN, United States District Judge

    Before the Court is Defendant CHK Industries, Inc.'s motion for a preliminary injunction and temporary restraining order. The Court has carefully reviewed the parties' submissions and considered the arguments made by counsel at oral argument. For the following reasons, Defendant's motion is DENIED.

    The Court applies the same standard to Defendant's applications for a preliminary injunction and a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992) (the "standards which govern consideration of an application for a temporary restraining order . . . are the same standards as those which govern a preliminary injunction."); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002) (same). It is well established that in order to grant Defendant's applications, Defendant must show: (1) irreparable harm absent injunctive relief and (2) "either . . . that it is likely to succeed on the merits of the action, or . . . that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York*, 626 F.3d 47, 52-53 (2d Cir. 2010) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34-35 (2d Cir. 2010)).

Ultimately, "preliminary injunctive relief is an extraordinary remedy and should not be routinely granted." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) (citing *Medical Society of the State of New York v. Toia*, 560 F.2d 535, 538 (2d Cir. 1977)).

The Court assumes the parties' familiarity with the facts underlying this motion. Defendant's application is based primarily on two grounds: (1) that the May 7, 2009 Dealership/Licensee Agreement (the "Agreement") entered into by the parties remains in effect, and Plaintiff is breaching the Agreement; and/or (2) that the Agreement was inadvertently converted to a franchise agreement, which extended certain additional rights to Defendant – namely notice provisions prior to the termination of the Agreement, which Plaintiff is purportedly violating. The Court will discuss each argument in turn.

First, the Court finds that the Agreement is no longer in effect. Paragraph two of the Agreement clearly states that it "will commence o[n] 5/10/09 and will continue for a period of five (5) years (the "Term") unless terminated as provided herein." (Affidavit of Donald J. Feerick, Jr., Ex. G ¶ 2.) Thus, absent early termination for "cause" as described in paragraph three of the Agreement, the Agreement was set to expire on May 10, 2014. (*Id.* ¶ 3.) Nevertheless, the Agreement contained a renewal option for two additional five year terms "upon providing written notice to the [Plaintiff] no less than 90 days prior to the end of the term . . . ." (*Id.* ¶ 2.) Defendant conceded at oral argument that it did not provide written notice within the specified timeframe, but argued that these terms instead created an automatic renewal of the Agreement absent termination. Defendant's reading of these terms is wholly inconsistent with a plain reading of the Agreement, and is one which this Court cannot credit.

Second, the Court finds that the Agreement was not inadvertently converted to a franchise agreement. In support of this contention, at oral argument Defendant directed the

Court to *Palazzetti Imp./Exp., Inc. v. Morson*, No. 98 Cv. 0722 (LBS)(SEG), 1999 WL 420403 (S.D.N.Y. June 23, 1999).  In *Morson*, the parties disputed whether the agreement at issue was a license or franchise agreement.  The Court, in reviewing the defendants' allegations for futility under Federal Rule of Civil Procedure 12(b)(6), held that it could not find as a matter of law that the agreement was not a franchise agreement.  *Id.* at *2.  The Court reasoned that "[t]he agreement gave defendants the right to use plaintiff's name and plaintiff's system of operations, required it to carry plaintiff's product line as a majority of its inventory and showroom items, required that sixty percent of defendants' net sales each year be from plaintiff's line, and required plaintiff to pay a fee of $100,000."  *Id.*  Although the federal and state requirements for franchises differ slightly, generally the franchisor must exhibit a significant degree of control over the franchisee and the franchisee must pay a franchise fee.  *Id.*  Here, Defendant has not made a sufficient showing that Plaintiff exhibited a significant degree of control over Defendant's business, and more importantly, Defendant concedes that it does not have evidence of payment of a franchise fee.

Finally, even if Defendant was able to demonstrate that the Agreement was still in effect by its terms or by operation of federal or state franchise law, Defendant has not demonstrated irreparable harm.  An "irreparable injury means injury for which a monetary award cannot be adequate compensation."  *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979).  When dealing with contracts, "damages are the rule, not the exception."  *AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 473 (S.D.N.Y. 2010) (quoting *Lanvin Inc. v. Colonia, Inc.*, 739 F.Supp. 182, 195 (S.D.N.Y. 1990) (internal quotation marks omitted)).  Here, Defendant attempts to demonstrate irreparable harm by generalized and conclusory statements concerning the termination of employees and the ultimate demise of its

business. Such statements are insufficient as a matter of law to demonstrate the requisite harm for injunctive relief. *AFA Dispensing Grp. B.V.*, 740 F. Supp. 2d at 472. Moreover, the Court is not convinced that monetary damages in an amount greater than or equal to the dollar value of the products sold by Plaintiff in Defendant's exclusive territory during the pendency of this litigation would not adequately compensate Defendant for any damages arising under the contract or by operation of franchise law.

Accordingly, for the foregoing reasons, Defendant's motion is DENIED.

Dated: October 26, 2015
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

4