UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAFE STEP WALK-IN TUB CO.,

        Plaintiff,

-against-

CKH INDUSTRIES, INC.,

        Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/19

No. 7:15-cv-07543-NSR
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Safe Step Walk In Tub Co. ("Safe Step") commenced this action on or about September 23, 2015, against Defendant CKH Industries, Inc. ("CKH") asserting claims, *inter alia*, sounding in breach of contract (Pl.'s Compl. ("Compl."), ECF No. 1). Presently before the Court is Plaintiff's Motion to Compel Arbitration and Stay Proceedings pursuant to the terms of the Parties' Dealer License Agreements ("DLAs") (Pl.'s Mot. to Compel Arbitration ("Pl.'s Mot."), ECF No. 96). Plaintiff seeks a court order directing the Parties to proceed to arbitration in the State of Tennessee and stay all litigation pending the arbitrator's determination. Defendant opposes the motion on the basis that Plaintiff waived their right to compel arbitration (Mem. of Law in Opp'n to Mot. ("Def.'s Mot."), ECF No. 98).

For the following reasons, Plaintiff's motion is DENIED.

**BACKGROUND**

On September 23, 2015, Plaintiff Safe Step initiated a collection action against Defendant CKH seeking to recover a disputed debt. The debt is in the approximate sum of $500,000 and

arises from an alleged breach by CKH of a 2014 Marketing Addendum to various DLAs. The DLAs all contains an identical arbitration provision. In its complaint, Safe Step states that it believed that the DLAs have expired, but the complaint does not expressly mention the validity of the arbitration provisions (Compl.). In fact, despite the expiration of the DLAs, the arbitration provisions remain valid and enforceable under New York and Tennessee law. The enforceability of the provisions was noted by this Court in the March 17, 2017 Opinion and Order (Ct. Mem. & Op. ("Ct. Order") p. 9, n.8, ECF No. 59).

On October 14, CKH answered Safe Step's complaint and filed eleven counterclaims ("Answer to Compl.," ECF No. 13). CHK simultaneously filed a Motion for Preliminary Injunction and Temporary Restraining Order related to one of the Parties' DLAs ("Order to Show Cause," "Aff. in Supp.," ECF No.19-21). On October 23, 2015, both Parties appeared for oral argument. The Court issued an Opinion and Order denying CKH's Motion for Injunction and Temporary Restraining Order on October 23, 2015 ("Mem. & Op.," ECF No. 29).

On November 3, 2015, Safe Step filed a letter with the Court requesting a pre-motion conference regarding Safe Step's proposed motion to dismiss CKH's counterclaims ("Letter," ECF No. 31). On November 4, 2015, CKH filed an amended answer with counterclaims, which alleged twenty-three claims against Safe Step ("Am. Answer to Compl.," ECF No. 33). Safe Step did not answer CKH's counterclaims and sought the Court's permission to move to dismiss CKH's counterclaims. On December 3, 2015, both Parties appeared for an initial conference; a discovery plan, scheduling order and case management plan was entered ("Order Referring Case to Magistrate Judge," "Scheduling Order," "Transmission of Notice of Appeal and Docket Sheet to USCA," "Appeal R. Sent to USCA – Elec. File," "Scheduling Order," "Order," ECF No. 41-44). Safe Step was granted leave to file a motion to dismiss CKH's counterclaims and set a

motion schedule. Following submission of the motion ("Mot. to Dismiss," ECF No. 49), the Court issued an Opinion and Order on March 17, 2017, which dismissed nine of CKH's claims, combined three separate fraud claims into one, and granted CKH leave to file an amended answer (Ct. Order pp. 1-2).

Notably, the Court Order states in a footnote that: "Despite crafting the agreements in this fashion, Plaintiff ignore the arbitration clause when it commenced this action. Similarly, Defendant chose not to invoke the clause in defense to the lawsuit either with regard to arbitration or venue. Therefore, the Court will not *sua sponte* dismiss or transfer the action for the Parties' respective failures to follow or to enforce the terms of their agreements" (Ct. Order p. 9, n.8).

CKH filed its amended answer on April 3, 2017 ("Answer to Compl.," ECF No. 61). With the Court's leave, on September 14, 2017, Safe Step submitted its second motion to dismiss the remainder of CKH's claims ("Mot. to Dismiss," ECF No. 78) and along with it, a Motion for Summary Judgment on its own claims against CKH (*Id.*).

On July 30, 2018, Plaintiff Safe Step was acquired by Ferguson, a multinational plumbing conglomerate (Def.'s Mot., p. 14, Ex. A). The acquisition absolves the former owner of Safe Step any financial responsibility that might result from the pending litigation.

On September 20, 2018, the Court rendered an Opinion and Order granting in part and denying in part Safe Step's second Motion to Dismiss ("Mem. & Op.," ECF No. 92). Safe Step's Motion for Summary Judgment was denied (*Id.*). After the Court's Order, thirteen of CKH's counterclaims remained (*Id.*). Instead of answering these counterclaims[1], Safe Step filed a Pre-

---

[1] To date, Safe Step has not filed an answer to CKH's remaining counterclaims. The Parties have not engaged in any discovery.

3

motion Letter requesting permission to file the instant Motion to Compel Arbitration and Stay Proceedings ("Pl.'s Letter," ECF No. 93). CKH opposed ("Def.'s Letter," ECF No. 94). The Court granted Safe Step leave to file the motion ("Mem. Endorsement," ECF No. 95). Safe Step filed the Motion on December 11, 2018, requesting this Court order the Parties to proceed to arbitration in the State of Tennessee in accordance with the DLAs and stay all litigation. Defendant submits to this Court its Memorandum of Law in opposition to the motion by Plaintiff ("Def.'s Mot."), to which Plaintiff replied with a Memorandum of Law in support of its Motion to Compel Arbitration (Pl.'s Reply Mem. of Law in Support of Mot., ("Pl.'s Reply"), ECF No. 100).

## STANDARD OF REVIEW

When deciding whether to compel arbitration, the Federal Arbitration Act ("FAA") requires a court to determine "whether an arbitration agreement has been waived, and thereby unenforceable." *Tokio Marine & Fire Ins. Co. v. M/V Saffron Trader*, 257 F. Supp. 2d 651, 653 (S.D.N.Y Mar. 23, 2003). A waiver determination is "highly fact specific and no bright line rule is applied, but three factors are considered: (1) the time elapsed from when the litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 229 (2d Cir. 2001).

FAA prescribes a strong presumption in favor of arbitration; a waiver of the right to arbitrate is "not to be lightly inferred." *See Thyssen, Inc. v. Calypso Shipping Corp.*, 310 F.3d 102, 104 (2d Cir. 2002). Any doubts concerning the scope of arbitration issues should be

resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

Despite the presumption, however, a party does waive the right to arbitrate "when he engages in protracted litigation that results in prejudice to the opposing party." *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991). The Second Circuit defined "prejudice" as "inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Doctor's Ass'n, Inc. v. Distajo*, 107 F.3d 126, 134 (2d Cir. 1997). In waiver determination, courts look for either of two types of prejudice: substantive prejudice, "such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration," *Tokio Marine & Fire Ins.*, 257 F. Supp. 2d at 653, or prejudice due to excessive cost and time delay, "when a party's adversary too long postpones [its] invocation of [its] contractual right to arbitration." *Thyssen*, 310 F.3d at 105 (quoting *Kramer*, 943 F.2d at 179).

## DISCUSSION

### I. Waiver Determination

Plaintiff Safe Step argues that Defendant CKH should be required to arbitrate their claims in the State of Tennessee because (1) the Parties' agreement to arbitrate is valid, and (2) Safe Step has not waived its right to arbitrate, as CKH will not be prejudiced. This court has previously ruled that the arbitration provisions are valid and enforceable (Ct. Order p. 9, n.8), which CKH does not contest. The dispute turns on whether Safe Step has waived its right to arbitrate.

5

Plaintiff contends that, while it has brought two Motions to Dismiss and one Motion for Summary Judgment, it has not answered any of CKH's counterclaims. Plaintiff concedes that three years have passed since it initiated the litigation, but maintains that "delay alone cannot constitute prejudice" (Pl.'s Mot. p. 9, ¶ 3). Plaintiff argues that because the Parties have not engaged in discovery of any sort, CKH suffers no "legally cognizable prejudice" by moving the proceeding to arbitration (Pl.'s Reply, p. 2, ¶ 3).

Despite the federal policy in favor of arbitration, this Court finds that Plaintiff engaged in significant motion practice and caused substantial delay, which result in prejudice to Defendant. Under *Kramer v. Hammond*, Plaintiff is deemed to have waived its right to arbitrate. 943 F.2d 176 (2d Cir. 1991).

### A. Significant Motion Practice

Waiver determination is a fact specific inquiry, in which the court considers three factors: the amount of litigation, the time elapsed, and the proof of prejudice. *See Louis Dreyfus Negoce S.A.*, 252 F.3d at 229 (2d Cir. 2001). The amount of litigation includes motion practice and discovery. *See id.* at 229. A party is "deemed to have waived its right to arbitration if it engages in protracted litigation that results in prejudice to the opposing party." *S&R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83 (2d Cir. 1998).

In the instant case, the amount of litigation strongly counsels in favor of waiver. Here, Plaintiff has filed three motions requesting judgment on the merits from this Court, producing a record of extended and costly litigation. This court has inferred waiver for less substantial litigation practice. *See Taylor v. Samudera*, 1983 U.S. Dist. LEXIS 17930, at *4 (S.D.N.Y. Apr. 6, 1983) (holding a motion for summary judgment and a motion to strike jury demand to be "significant motion practice."); *Watson Pharms., Inc. v. Bayer Pharma AG*, 2013 U.S. Dist.

LEXIS 141833, at *13-14 (S.D.N.Y. Sept. 30, 2013) (finding Plaintiff has engaged in significant motion practice after two motions, respectively for judgment on the pleadings and for attorneys' fees, as the Court was required to address the substances and merits of the claims). The mere absence of the discovery does not diminish the extent to which Plaintiff has utilized the judicial system and to which Defendant had to litigate the issue.

**B. Prejudice Due to Substantial Time Delay And Excessive Cost**

In waiver analysis, prejudice is key. *See Tech. in P'ship v. Rudin*, 538 Fed. Appx. 38, 39 (2d Cir. 2013). While the passage of time alone is insufficient to constitute prejudice, it is an indispensable element in the Court's prejudice (and in turn, waiver) determination. *See Kramer v. Hammond*, 943 F.2d at 179 (determining prejudice by examining the extent of the delay, the resulting burdens and other surrounding circumstances). Three years is a substantial amount of time, which highlights the inconsistency between Plaintiff's past conducts and its present assertion of right to arbitrate. As this Court indicated in the March 17, 2017 Opinion, "Plaintiff ignored the arbitration clause when it commenced this action . . . ." (Ct. Order p. 9, n.8). Notwithstanding Plaintiff's proffered excuse that it believed in good faith that the arbitration provisions has expired when it commenced the litigation in 2015, Plaintiff alone is responsible for its failure to enforce its own contractual rights in venue selection. *See Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966) (holding that the choice of venue is personal to the parties and waivable at will).

Given the amount of time elapsed and the extent to which Plaintiff has engaged in active litigation with access to counsel, Plaintiff had plenty of opportunities to ascertain the validity of the arbitration provisions. Nevertheless, Plaintiff did not enforce its right to arbitrate until twenty-one months after this court explicitly noted the validity of the provisions (Ct. Order p. 9,

7

n.8), while Defendant defended three motions on the merits and incurred unnecessary delay and expense. Neither did Plaintiff notify Defendant in any way, prior to the instant motion, of its intention to invoke arbitration rights. *Cf. E. Fish Co. v. S. Pac. Shipping Co.*, 105 F. Supp. 2d 234, 241 (S.D.N.Y. June 23, 2000) (finding no prejudice where "Plaintiffs were on notice that Defendants might seek arbitration as soon as Defendants raised the arbitration issue in the answer"). Defendant cannot be fairly said to be on notice of the possibility of arbitration, and the facts support Defendant's expressed surprise (Def.'s Mot. p. 1, ¶ 1).

Moreover, if the Court grants Plaintiff's instant motion and compels Defendant, a New York Entity, to arbitrate in Tennessee in accordance with the provisions, the Order will impose on Defendant excessive additional cost, including not only pecuniary expenses of filing and travel, but also a disadvantaged legal standing of starting over in an unfamiliar venue. The Court notes that Plaintiff has been acquired by Ferguson, a multinational plumbing conglomerate (Def.'s Mot., Ex. A). The merger provides Plaintiff with a wealth of resources unmatched by Defendant. It would be inherently unfair, and thus prejudicial, to make Defendant bear such substantial costs generated by Plaintiff's professed mistake of its own contractual rights and, as a matter of fact, Plaintiff's failure to enforce these rights.

II. **Judicial Economy**

Lastly, this Court finds significant that it is Plaintiff who commenced the litigation. Moving for arbitration three years after starting a lawsuit in the first place contributes little to judicial economy, which is a primary purpose of the federal policy in favor of arbitration. "[T]o permit litigants to exercise their contractual rights to arbitrate at a late date, after they have deliberately chosen to participate in costly and extended litigation would defeat the purpose of

arbitration: that disputes be resolved with dispatch and with a minimum of expense." *Com-Tech Assocs. v. Computer Assocs. Int'l.*, 938 F.2d 1574, 1581 (2d Cir. 1991).

Plaintiff's conducts also suggest a questionable disingenuousness, if not gamesmanship, which the FAA does not protect. *See Kramer*, 943 F.2d at 176 (noting that presumption in favor of arbitration was not intended to protect deliberate maneuvers between litigation and arbitration). It is within both Parties' right to "[choose] not to invoke the clause in defense to the lawsuit either with regard to arbitration or venue" (Ct. Order p. 9, n.8). Yet after receiving adverse determination on two Motions to Dismiss and one Motion for Summary Judgment, Plaintiff's moving for arbitration demonstrates an inclination to game and exploit the system, which this Court will not indulge. Accordingly, Plaintiff's Motion to Compel Arbitration and Stay Proceedings must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Arbitration and Stay Proceedings is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 96. The Parties are directed to notify Judge Smith of this Opinion and contact Judge Smith's chambers to schedule a conference.

Dated: June 25, 2019
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge