UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SAFE STEP WALK-IN TUB CO.,

           Plaintiff,

   -against-                             Civil No. 15-cv-07543 (NSR) (LMS)

CKH INDUSTRIES, INC.,

           Defendant.

-----------------------------------------------------------X

### DEFENDANT'S DECLARATION IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND PRODUCTION AND/OR SANCTION ANY WILLFUL NON-COMPLIANCE

DONALD J. FEERICK, JR., hereby declares the following under the penalties of perjury:

1. I am a member of Feerick Nugent MacCartney PLLC, the attorneys of record for the Defendant CKH Industries, Inc. ("CKH") in the above-captioned action, and as such, I am fully familiar with the facts and circumstances presented herein.

2. I respectfully submit this Declaration in support of CKH's motion: (i) to compel discovery and production from Plaintiff Safe Step Walk-In Tub Co. ("Safe Step"); (ii) for an award of costs and reasonably attorneys' fees associated with making this motion in the event Plaintiff's objections are not substantially justified or other circumstances do not suggest such would be unjust; and/or (iii) for sanctions upon any continued willful non-compliance.

1

3.  I respectfully submit this Declaration based upon a review of documentary evidence in the possession of my client and my Office, upon my Office's participation in the discovery exchanges at issue, upon my Office's good faith efforts to resolve the discovery disputes at issue before seeking judicial intervention, and upon the various admissions of Plaintiff Safe Step Walk-in Tub Co., Inc. ("Safe Step") and its counsel regarding the discovery at issue.

## DOCUMENTARY EVIDENCE

4.  CKH respectfully refers the Court to the true and correct copies of the following exhibits, upon which CKH brings the instant motion:

5.  Annexed hereto as Exhibit "A is a copy of the Complaint Safe Step filed on September 23, 2015. (See also ECF No. 1).

6.  Annexed hereto as Exhibit "B" is a copy of the Amended Answer with Counterclaims (without exhibits annexed) that CKH filed on November 4, 2015. (See also ECF No. 33).

7.  Annexed hereto as Exhibit "C" and "D" are copies of the Parties' Initial Rule 26(a) disclosures served on December 2, 2015.

8.  Annexed hereto as Exhibit "E" is a copy of the Second Amended Answer with Counterclaims (with exhibits annexed) that CKH filed on April 3, 2017. (See also ECF No. 61).

9.  Annexed hereto as Exhibit "F" is a copy of the Court's Opinion and Order dated September 20, 2018 on Safe Step's second motion to dismiss CKH's counterclaims and Safe Step's motion for summary judgment on its own claims. (See also ECF No. 92). Within the Opinion and Order the Court stated:

> Defendant brings fourteen counterclaims against Plaintiff from
> breach of contract; violations of the New York, New Jersey,

2

> Connecticut, and Rhode Island state franchise laws; common law fraud; promissory estoppel; unjust enrichment; and injunctive relief. (second Am. Answer ¶¶ 130-227.) Defendant seeks judgment against Plaintiff on any counterclaim in an amount to be determined at trial, injunctive relief, attorneys' fees, punitive damages, costs and disbursements, and dismissal of the Plaintiff's complaint. (*Id.* ¶ 228.)
>
> According to Defendant, Plaintiff was in fact a franchisor who attempted to structure the agreements between Plaintiff and Defendant to avoid federal and state franchise laws. (*Id.* ¶¶ 66-73, 98.) Defendant alleges that Plaintiff has defaulted under the regional agreements by refusing to honor its obligations and by terminating the agreements, or failing to renew them, despite Defendant's performance of its side of the bargains. (*Id.* ¶¶ 100-01, 106, 109-15.) Defendant contends that Plaintiff's acts violate state franchise laws and constitute a fraud perpetrated by Plaintiff designed to intentionally escalate Defendant's costs in order to constructively terminate the alleged franchises and unlawfully compete directly against Defendant. (*Id.* ¶¶ 60, 120, 122.)

(Id. at pp. 6-7).

10. Annexed hereto as Exhibit "G" is copy of the Court's Opinion and Order dated June 25, 2019 on Safe Step's motion to compel arbitration and stay proceedings. (See also ECF No. 101). Within the Opinion and Order, in addressing CKH's franchise-based counterclaims, the Court stated:

> The Court has already held that Defendant's Safe Step-related operations "qualify as a franchise under each applicable state's law, entitling Defendant to pursue these additional [statutory] protections and causes of action at this stage." *Safe Step Walk In Tub Co. v. CKH Indus., Inc.*, 242 F. Supp.3d 245, 261 (S.D.N.Y. 2017). Defendant's Second Amended Answer alleges that Plaintiff violated each regional agreement and imposed unreasonable standards as part of "a scheme to defraud," prohibited acts under each relevant state statute. Conn. Gen. Stat. Ann. § 42-1331; N.J. Stat. Ann. § 56:10-7; N.Y. Gen. Bus. Law § 687; R.I. Gen. Laws Ann. § 19-28.1-17; (Second Am. Answer ¶¶ 60, 101, 111-12, 122.) Each of these state statutes allows franchisees to pursue civil damages for violation of a franchise agreement. Conn. Gen. Stat. Ann. § 42-133g; N.J. Stat. Ann. § 56:10-10; N.Y. Gen. Bus. Law § 691; R.I. Gen. Laws Ann. § 19-28.1-21. Therefore, Defendant

3

>   states a facially plausible claim for violation of the New York, New Jersey, Connecticut, and Rhode Island franchise laws.

(Id. at pp. 10-11).

11. Within the same Opinion and Order, in addressing CKH's contract-based counterclaims, the Court stated:

>   In the March 2017 Opinion, this Court held that the Defendant established a facially plausible claim that each of the regional agreements exist and are enforceable. *Safe Step Walk In Tub Co.*, 242 F. Supp. 3d at 264-65. This Court also held that any breach occurring under the Marketing Addendum, is actionable. If a breach occurred after the Marketing Addendum, it is not actionable to the extent it is in direct conflict with the terms of the Marketing Addendum. *Id.* Here, Defendant's Second Amended Answer plausibly alleges that Plaintiff breached the regional franchise agreements with specific examples (See Second Am. Answer ¶ 101.) Defendant has also sufficiently alleged that damages resulted from the breaches. (*Id.* ¶¶ *125-29* (alleging economic damages in excess of $75,000 as well as damage to Defendant's goodwill and reputation).) Accordingly, Defendant's Second Amended Answer contains a facially plausible breach of contract claim.

(Id. at p. 12).

12. Within the same Opinion and Order, in addressing CKH's promissory estoppel-based counterclaims, the Court stated:

>   This Court held that Defendant's "allegations are sufficient to set forth such a claim and, therefore, to survive Plaintiff's motion to dismiss" and the Court holds that Defendant's promissory claim in its Second Amended Answer also survives a motion to dismiss. *See Safe Step Walk In Tub Co., 242 F. Supp. 3d* at 267-68. Defendant suffered substantial economic damage in reliance on Plaintiff in excess of $1,000,000. (Second Am. Answer ¶ 125.) Plaintiff could have reasonably foreseen these damages because they stem from, among other sources, lost sales, revenue, and profits under the agreements, and because Plaintiff contributed to the damages by intentionally escalating Defendant's costs. (*See* Second Am. Answer ¶ 121-22.) Based on Defendant's allegations, Defendant acted reasonably in relying on the terms of the regional agreements and Plaintiff's motion to dismiss this claim is denied.

> (*Id.* ¶¶ 87-95, 97-98.)

(Id. at pp. 14-15).

13. Within the same Opinion and Order, in addressing CKH's common law-based counterclaims, the Court stated:

> Tennessee permits common law fraud claims to allow complainants "to pursue several alternative theories of recovery and to structure their claims in the manner that is most beneficial to them." *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 909 (Tenn. 1999). …. Similar to the fraud claims in Defendant's First Amended Answer, Defendant again broadly alleges that Plaintiff's entire course of dealings was designed to perpetrate a fraud against Defendant by intentionally escalating Defendant's costs in an effort to constructively terminate the alleged franchises and unlawfully compete against Defendant. (Second Am. Answer ¶¶ 60, 101, 122); *Safe Step Walk In Tub Co.*, 242 F. Supp. 3d at 270. Defendant also again alleges that Plaintiff failed to provide disclosure documents "[p]rior to entering the FDA" as required under franchise laws, seemed to accept Defendant's request for a renewal of the agreements without actually intending to renew, and failed to make buy-out offers for Defendant's alleged franchise. (Second Am. Answer ¶¶ 82, 102, 105-106, 109); *Safe Step Walk In Tub Co.*, 242 F. Supp. 3d at 270. ... Defendant's fraud allegations relating to negotiations and pre-agreement activities, which include any fraud in the parties' course of dealing before the agreements and Plaintiff's failure to provide disclosure documents, are sufficiently facially plausible based on Defendant's Second Amended Answer.

(Id. at pp. 15-16).

14. Within the same Opinion and Order, in characterizing Plaintiff's conduct to date, the Court stated:

> Plaintiff's conducts also suggest a questionable disingenuousness, if not gamesmanship, which the FAA does not protect. *See Kramer*, 943 F.2d at 176 (noting that presumption in favor of arbitration was not intended to protect deliberate maneuvers between litigation and arbitration). It is within both Parties' right to "[choose] not to invoke the clause in defense to the lawsuit either with regard to arbitration or venue" (Ct. Order p. 9, n.8). Yet after receiving adverse determination on two Motions to Dismiss

5

and one Motion for Summary Judgment, Plaintiff's moving for arbitration demonstrates an inclination to game and exploit the system, which this Court will not indulge. Accordingly, Plaintiff's Motion to Compel Arbitration and stay Proceeding must be denied.

(Id. at p. 9).

15. Annexed hereto as Exhibit "H" is a copy of the Order issued by U.S. Magistrate Judge Smith on June 26, 2019 to facilitate the progress of pre-trial discovery and control the voicing and entertaining of discovery objections. (See also ECF No. 102).

16. Annexed hereto as Exhibit "I" is a copy of Safe Step's answer to CKH's Second Amended Counterclaims filed on July 9, 2019. (See also ECF No. 104).

17. Annexed hereto as Exhibit "J" is a copy of CKH's First Request for Documents and Things served on Safe Step on September 30, 2019. Among the demands, were the following ones at issue herein:

> **Demand No. 4:** All agreements entered into between Plaintiff and Ferguson plc, relating to any sale, acquisition, transaction and/or merger between Plaintiff and Ferguson plc, including, but not limited to, any letter of intent, binder, or purchase agreement.
>
> **Demand No. 14:** Plaintiff's financial records, including sales reports, profit and loss statements, operating costs, financial statements and bank statements.
>
> **Demand No. 17:** All franchise disclosure documents provided by Plaintiff to any other dealer, franchisee, or other entity.

18. Annexed hereto as Exhibit "K" is a copy of Safe Step's initial responses to CKH's discovery demands, which were served on October 30, 2019. Safe Step provided its initial responses without producing a single document, opting instead to save its documents from disclosure while the parties attempted mediation.

19. Annexed hereto as Exhibit "L" is a copy of the Court's Amended Civil Case Discovery Plan and Scheduling Order issued after mediation failed on January 22, 2020. (See also ECF No. 128).

20. Annexed hereto as Exhibit "M" is a copy of CKH's Second Request for Documents and Things, which were served on February 14, 2020.

21. Annexed hereto as Exhibit "N" is a copy of Safe Step's amended responses served on February 21, 2020, along with a privilege log detailing material withheld from Safe Step's discovery production.

22. Upon an expeditious review of the production, CKH identified that Safe Step's amended responses and provided paper discovery that did not include materials responsive to the above-detailed demands.

23. Annexed hereto as Exhibit "O" is a letter, dated February 26, 2020, whereby CKH protested that the demands at issue herein, among others, had not been responded to.

24. On March 5, 2020, CKH followed up on the letter, by conferring telephonically with Safe Step's counsel to address each outstanding discovery dispute, and could not resolve the dispute as to the discoverability of the documents responsive to the above-quoted demands.

25. Annexed hereto as Exhibit "P" is a letter, dated March 5, 2020, wherein Safe Step confirmed that it was withholding from production documents responsive to Demands 4, 14, and 17, and materials listed on Safe Step's privilege log.

26. As to Demand 4, Safe Step objected to production of sale-related documents "because the sale of Safe Step to Ferguson has no bearing on nor relevance to the issues in this lawsuit or the claims of either party." (Id. at p. 2). Safe Step explained that it "disagree[d] with CKH's position that Safe Step 'must produce' all documents between Safe Step and Ferguson.

The sale of Safe Step to Ferguson closed on or about July 31, 2018 – about three years after the dispute between the parties initially arose. None of the documents between Safe Step and Ferguson discuss, mention, or concern, CKH, Scott Keegan, Ted Cline, or this lawsuit. Accordingly, they are not relevant to this case, and Safe Step objects to the producing such documents." (Id. at pp. 2-3).[1]

27. As to Demand 14, Safe Step objected to "producing all of its financial records, because, unlike CKH, the financial performance of Safe Step is not at issue in this lawsuit. Safe Step's financial records are not relevant to the issues in dispute, and Safe Step objects to producing such documents." (Id. at p. 2). To the extent that CKH did not understand the nature of Safe Step's objection, Safe Step later reiterated in virtually the same language that it "objects to producing all of its financial records, because, unlike CKH, the financial performance of Safe Step is not at issue in this lawsuit. Safe Step's financial records are not relevant to the issues in dispute, and Safe Step objects to producing such documents." (Id. at p. 3).

28. As to Demand 17, Safe Step raised multiple objections. "[F]irst, Safe Step objects to phrase 'franchise disclosure documents,' because I do not know what documents CKH is looking for here. Second, Safe Step's relationships with its other dealers have no bearing on its relationship with CKH or the matters at issue in this lawsuit or the claims of either party. That said, to the extent Request No. 17 seeks Safe Step's Dealership / License Agreements with its other dealers, such documents are not relevant to the issues in dispute, and Safe Step objects to producing such documents." (Id.).

---

[1] It is worth noting that, at the March 11, 2020 discovery status conference, Safe Step's counsel modified this particular representation to clarify that there was mention of CKH and this lawsuit in the sale documents; namely, in a schedule of pending litigation. A copy of the transcript is annexed hereto as Exhibit "T" and the pertinent reference is at pages 28-29. Safe Step's counsel made no mention of what, if any, due diligence was permitted or conducted on CKH or this lawsuit once the lawsuit was scheduled. It would appear unlikely that no due diligence documents exist.

8

29. Finally, as to the Stuart Hall email of September 17, 2014 that was attached to the Second Amended Counterclaims as Exhibit "H", Safe Step

> disagree[d] that such communication waived any privilege between Safe Step and its counsel. To the extent you have relevant case law to support your position, I am happy to discuss this with you further. The cases cited in your February 26 letter largely have to do with the crime-fraud exception to the attorney-client privilege, which I do not believe is applicable here. As you know, in order to justify invocation of this exception to the privilege, the discovering party bears the burden of demonstrating that there is probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the crime or fraud. See In re Omnicom Group, Inc. Sec. Litig., 233 F.R.D. 400, 4040 (S.D.N.Y. 2006). There is no proof in the record nor good faith argument to be made that any e-mails between Safe Step and its counsel were in furtherance of a crime or fraud.

(Id. at p. 5).

30. Annexed hereto as Exhibit "Q" is a copy of a letter dated March 6, 2020, wherein CKH informed the Court of CKH's compliance with discovery mandates and Safe Step's noncompliance, specifying the exact nature of its discovery dispute. (See also ECF No. 133, at p. 3).

31. Annexed hereto as Exhibit "R" is a letter, dated March 10, 2020, whereby CKH confirmed the crux of the discovery dispute at issue based upon the March 5, 2020 "meet and confer" conference and prior correspondence exchanged. CKH stated, "as we understand, Safe Step only withheld documents (a) responsive to Requests Nos. 4, 14, and 17 on the basis of relevancy, and (b) listed on Safe Step's Amended Privilege Log, dated March 6, 2020." (Id.).

32. Annexed hereto as Exhibit "S" is an email, dated March 11, 2020, in response to CKH's March 10, 2020, whereby Safe Step confirmed that "your understanding of what we discussed on March 5 and my March 5 letter is correct."

33. On March 11, 2020, U.S. Magistrate Judge Smith entertained the parties at a discovery status conference. As mentioned in footnote 1 supra, a copy of the transcript of the proceedings of the discovery status conference is annexed hereto as Exhibit "T". As detailed therein, the Parties explained the relevancy and objections to disclosure and production. Id., at pp. 22-38.

34. After conferencing the case for one and one-half hours, Magistrate Judge Smithgranted CKH permission to make a motion to compel disclosure by April 10, 2020; directed responses by May 11, 2020; and directed any reply by May 16, 2020. Id., at pp. 37-38.

35. Since that date, Safe Step has responded to CKH's Second Request for Documents and Things by serving the response annexed hereto as Exhibit "U". The time to object or protest any inadequacy in the production has not yet expired. However, it is apparent from the language of the response that Safe Step stands firm on its objection to producing the documents at issue herein as they have repeated their objections in their latest responses.

36. Accordingly, this motion is brought.

## CONCLUSION

37. Based on the foregoing, and the accompanying memorandum of law, CKH respectfully requests that this Court issue an order compelling discovery and production from Safe Step, granting an award of costs and reasonable attorneys' fees associated with making this motion, and/or sanctioning any future willful non-compliance.

38. I declare under the penalties of perjury that the foregoing is true and correct.

Dated: South Nyack, New York
April 10, 2020

_____
DONALD J. FEERICK, JR.

To: All Counsel (*via* ECF)