USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAFE STEP WALK-IN TUB CO.,

               Plaintiff,

-against-

CKH INDUSTRIES, INC.,

               Defendant.

15-cv-7543 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Safe Step Walk-In Tub Co. ("Plaintiff" or "Safe Step") manufactures walk-in bathtubs and purportedly holds trademarks for the marketing of such tubs. Through a series of agreements executed by the parties, Defendant CKH Industries, Inc. ("Defendant" or "CKH"), was able to use those trademarks when marketing, selling, and installing Safe Step's tubs in particular geographic areas. Safe Step initiated this action claiming nonpayment of certain marketing and related fees by CKH, and CKH counterclaimed—alleging that Safe Step was violating the franchise laws of various states, breaching the agreements between the parties, and engaging in other unfair business practices, including fraud.

    Before the Court are Defendant's objections to two of Magistrate Judge Lisa M. Smith's orders. (ECF Nos. 165 & 175.) For the following reasons, Defendant's objections are SUSTAINED in part and OVERRULED in part.

## BACKGROUND

    The Court assumes familiarity with the factual background of this case, as delineated in the Court's September 20, 2018 Opinion & Order. *Safe Step Walk-In Tub Co. v. CKH Indus., Inc.*, No. 15 CIV. 7543 (NSR), 2018 WL 4539656 (S.D.N.Y. Sept. 20, 2018).

    On July 7, 2020, Judge Smith issued an oral ruling (ECF No. 165-1 ("July 7, 2020 Ruling")) on Defendant's Motion to Compel Discovery and Production and/or Sanction Any Willful Non-

Compliance. Judge Smith denied Defendant's motion to compel production of (1) documents involving the July 2018 sale of Safe Step to Ferguson, plc ("Ferguson"), (2) Safe Step's financial records, and (3) agreements and communications with the other dealers that participated in Safe Step's National Marketing Program. Judge Smith also denied Defendant's motion for a ruling that Plaintiff had waived its privileged communications with counsel.

On September 18, 2020, Judge Smith issued an oral ruling (ECF No. 176-1 ("September 18, 2020 Ruling")) on Defendant's motion to file a supplemental pleading to Defendant's Second Amended Answer with Counterclaims. Defendant sought to insert pleadings related to the sale of Safe Step to Ferguson, which Defendant alleged was connected to Plaintiff's constructive termination of Defendant's franchises. Judge Smith denied Defendant's motion, stating that Defendant's "scheme to defraud theory" was "limited to conduct that took place before the [2009 and 2010] agreements were entered into." (September 18, 2020 Ruling at 3:6–7.)

Defendant filed objections to both of Judge Smith's rulings. (ECF Nos. 165 & 175.)

## LEGAL STANDARDS

District courts may designate a magistrate judge to hear and decide a pretrial matter that is "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). Under Rule 72, a district court judge reviews a magistrate judge's resolution of these pretrial matters under the "clearly erroneous or ... contrary to law" standard. *Id.* A decision is clearly erroneous where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *BPP Wealth, Inc. v. Weiser Capital Mgmt., LLC*, 623 F. App'x 7, 12 (2d Cir. 2015) (citing *N.Y. Progress & Protection PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013) (internal quotation marks omitted)). A magistrate judge's ruling is contrary to law if it "fail[s] to apply or misapplies relevant statutes, case law, or rules of

2

procedure." *Thai Lao Lignite (Thail.) Co. v. Gov't of the Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (internal citation omitted).

"A showing that 'reasonable minds may differ on the wisdom of granting the [moving party's] motion is not sufficient to overturn a magistrate judge's decision." *Edmonds v. Seavey*, No. 08 Civ. 5646(HB), 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009). This standard is "highly deferential, and magistrate judges are afforded broad discretion in resolving nondispositive disputes; reversal is appropriate only if their discretion is abused." *Rouviere v. DePuy Orthopaedics, Inc.*, 18-cv-4814 (LJL), 2021 WL 4255042, at *3 (S.D.N.Y. Sept. 17, 2021). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, No. 09 Civ. 5843(JFK), 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010) (internal citation omitted).

## DISCUSSION

Defendant asserts objections to Judge Smith's oral rulings dated July 7, 2020 and September 18, 2020, respectively. The Court addresses each in turn.

### I.   July 7, 2020 Ruling

Defendant objects to Judge Smith's July 7, 2020 Ruling to the extent it denied Defendant's motion (1) to compel Plaintiff to produce documents relating to the sale of Safe Step to Ferguson; (2) to compel Plaintiff to produce its financial records for the period between January 1, 2009 to present; and (3) for a ruling that Plaintiff waived attorney-client privilege as to privileged documents related to the parties' proposed 2014 agreements. (ECF No. 165.)

#### A.  Sale of Safe Step to Ferguson

Defendant argues that Judge Smith erred in ruling "[t]here is, at most, a tenuous connection between whatever Safe Step received for the sale to Ferguson to any potential financial motive for

things that took place three years previously." (*See generally* ECF No. 165 (quoting July 7, 2020 Ruling at 6:6–9).)

Federal Rule of Civil Procedure 26(b)(1) states, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), "[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14–CV–9792 (WHP)(JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Courts, however, are encouraged "'to be more aggressive in identifying and discouraging discovery overuse' by emphasizing the need to analyze proportionality before ordering production of relevant information." *Id.* (quoting Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment).

Here, Judge Smith misinterprets Defendant's request. Judge Smith denies Defendant's request for sale documents because she did not perceive anything but a "tenuous connection" between "whatever Safe Step received for the sale" and Plaintiff's "financial motive for things that took place three years previously." (July 7, 2020 Ruling at 6:6–9.) Plaintiff's theory of relevance, however, does not rest on identifying "whatever Safe Step received for the sale." Instead, the sale is relevant insofar as it substantiates Plaintiff's motive to "intentionally escalate Defendant's costs in order to constructively terminate the alleged franchises and unlawfully compete directly against Defendant." *Safe Step Walk-In Tub Co. v. CKH Indus., Inc.*, No. 15 CIV. 7543 (NSR), 2018 WL 4539656, at *3 (S.D.N.Y. Sept. 20, 2018). In other words, the sale of Safe Step to Ferguson is relevant only to the extent it reveals Plaintiff constructively terminated Defendant's exclusive franchise for the explicit purpose of selling Safe Step to Ferguson. It is unclear from the record,

however, whether Judge Smith considered how a prospective sale might have motivated Plaintiff's alleged constructive termination of Defendant's franchise. Judge Smith thus committed "clear error" in finding no relevance between the sale of Ferguson and Defendant's claims. Nonetheless, this Court strictly limits Defendant's discovery request because this Court harbors concerns about proportionality and is dismayed by the late hour of Defendant's request. (*See* ECF No. 128 ("Amended Civil Case Discovery Plan") (setting August 31, 2020 deadline for all discovery).) Accordingly, Defendant is entitled only to discovery of sale documents referencing Defendant's exclusive franchise territories. Relevant documents, for example, would include communications between Safe Step and Ferguson officials in which Ferguson officials required Safe Step to terminate Defendant's exclusive franchise territories as a condition to sale.[1]

B. **Financial Records**

Defendant also argues Judge Smith erred in ruling that Defendant "has not explained how the financial records would establish or even potentially establish a financial motive for [Safe Step] to have engaged in the alleged fraud beyond showing the amount received from the sale of Ferguson." (*See generally* ECF No. 165 (quoting July 7, 2020 Ruling at 7:6–10).)

Here, Defendant has not met its burden to show Judge Smith's ruling was "clear error." Even if "increasing its own profits and revenues" was Plaintiff's motive for constructively terminating Defendant's franchises (ECF No. 61 ("Second Amended Answer with Counterclaims") at ¶ 122), Defendant fails to articulate which financial records it is seeking and

---

[1] The Court acknowledges the number of relevant documents may be few. If Safe Step and Ferguson did not begin negotiations until after Defendant's franchises were alleged to have been constructively terminated, then Ferguson would have had no occasion to require Safe Step to terminate Defendant's franchise. Any connection between the sale and constructive termination would prove "tenuous" at best. Defendant, however, would still be entitled to prove that Plaintiff's pre-textual reason for the constructive termination was Plaintiff's desire to compete directly against Defendant.

5

how those records prove Plaintiff did not have good cause for terminating the parties' agreements. Defendant also fails to articulate why it needs Plaintiff's financial records to prove a stated goal of any business: to increase profits and revenues. Put differently, identifying an increase in profits in a produced financial record does nothing to prove Plaintiff had an ulterior motive for increasing Defendant's costs. Presumably, Plaintiff has always desired an increase in profits, and Defendant identifying such an increase in 2015 as opposed to 2009 does nothing to show Plaintiff's motive (or conduct) has changed over time. Moreover, Defendant approaches this Court at the eleventh hour of the discovery schedule to request a decade of documents with no guidance as to which types of documents constitute "financial records." (*See* Amended Civil Case Discovery Plan.) Defendant's requested documents are at best indirectly relevant to the claims, and they far exceed the relevant information that is "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). This Court does not see reason to disturb Judge Smith's ruling on production of Plaintiff's financial records.

### C. Waiver of Attorney-Client Privilege

Defendant also argues Plaintiff waived attorney-client privilege of all communications exchanged in furtherance of Plaintiff's alleged scheme to defraud. (*See generally* ECF No. 165.) Plaintiff did so, argues Defendant, by sending an email to a third-party that states, "Our counsel recommended we split out certain states which impacted you due to franchise law in the state, specifically New Jersey, Rhode Island, and Conn. Full disclosure in that we did this to limit any potential legal exposure just to the territories in those states. So the first agreement attached is for Mass. and New York." (ECF No. 165 at 5.) Judge Smith disagreed that the email constituted a subject matter or crime-fraud waiver of Plaintiff's attorney-client privilege. (July 7, 2020 Ruling at 8:16–11:23.) For one, Judge Smith observed that the agreements referenced in the email were never signed. (*Id.* at 9:23–10:14.) The email therefore did not "show in any fashion that [P]laintiff

6

intended to or did engage in fraud with respect to the existing agreements." (*Id.* at 10:11–14.) Judge Smith concluded that the email did not waive privilege beyond the specific legal advice discussed in the email. (*Id.* at 10:19–24.) Judge Smith also concluded that Defendant failed to establish "probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the fraud or crime." (*Id.* at 11:5–8.)

This Court agrees with Judge Smith and adopts her reasoning. At the outset, Defendant does not challenge any specific emails on Plaintiff's privilege log. Instead, Defendant argues Plaintiff's email disclosed "the summary contents of [Plaintiff counsel's] legal advice to its franchisees for commercial purposes." (ECF No. 165 at 23.) Nothing in the proffered email, however, suggests Plaintiff shared legal advice for commercial purposes or otherwise intended to waive attorney-client privilege broadly. Nor does anything in the proffered email suggest Plaintiff had committed a crime and was relaying legal advice in furtherance of that crime. Defendant's request—that Plaintiff waive privilege for *all* communications exchanged in furtherance of Plaintiff's scheme—is conclusory and would unlock *all* of Plaintiff's relevant communications with counsel. This Court declines to authorize such a broad waiver of privilege. *Cf. in re von Bulow*, 828 F.2d 94, 103 (2d Cir. 1987) ("[W]here . . . disclosures of privileged information are made extrajudicially and without prejudice to the opposing party, there exists no reason in logic or equity to broaden the waiver beyond those matters actually revealed."). Judge Smith did not commit clear error in denying Defendant's motion to waive Plaintiff's attorney-client privilege.

In sum, Defendant's objections to Judge Smith's July 7, 2020 Ruling are sustained insofar as Judge Smith denied Defendant's motion to compel Plaintiff to produce documents relating to the sale of Safe Step to Ferguson. Judge Smith's July 7, 2020 Ruling is thus vacated to the extent it denies Defendant's motion to compel Plaintiff to produce these documents. Defendant is entitled, however, *only* to discovery of sale documents referencing Defendant's exclusive franchise

territories. Defendant's objections to Judge Smith's July 7, 2020 Ruling are overruled in all other respects.

This Court now turns to Judge Smith's September 18, 2020 Ruling.

## II.  September 18, 2020 Ruling

Defendant objects to Judge Smith's September 18, 2020 oral ruling on the grounds that she "opted to interpret this Court's prior rulings contrary to their plain language." (ECF No. 177 at 6.)

Judge Smith erred, according to Defendant, insofar as she "erroneously interpreted and modified" this Court's prior opinions "as limiting all franchise-base claims 'to conduct that took place before the [2009 and 2010] agreements were entered into.'" (ECF No. 177 at 7 (quoting September 18, 2020 Ruling at 3:6–7).) Defendant argues that this Court "never limited CKH's claims, including its franchise claims, solely to 2009 and 2010 activities." (*Id.* at 8.) "In fact," argues Defendant, "the Court expressly determined that CKH's claims for violations of New York franchise law that 'accrued between 2014 and 2015 remain.'" (*Id.* at 8 (quoting *Safe Step Walk-In Tub Co. v. CKH Indus., Inc.*, No. 15 CIV. 7543 (NSR), 2018 WL 4539656, at \*5 (S.D.N.Y. Sept. 20, 2018)).) In other words, Defendant's supplemental pleadings are connected to Defendant's breach of contract and statutory franchise law claims, which both "continue to exist" and extend from "mid-2014 onward." (ECF No. 181 at 8.)

Defendant is correct. Although Judge Smith correctly stated that Defendant's fraud-based counterclaims are limited to "conduct that took place before the [2009 and 2010] agreements were entered into" (September 18, 2020 Ruling at 3:6–7), Defendant's other claims are not so limited. Instead, this Court previously acknowledged Defendant's breach of contract claims—even those accruing after the Marketing Addendum took effect on January 1, 2014—are actionable "to the extent that [such breach] is [not] in direct conflict with the terms of the Marketing Addendum." *Safe Step*, 2018 WL 4539656, at \*5–6. This Court also allowed Defendant's statutory franchise

8

law claims to advance. Those claims were based upon allegations that Plaintiff "intentionally escalate[d] Defendant's costs in order to constructively terminate the alleged franchises and unlawfully compete directly against Defendant." *Id.* at *3, 5 ("Defendant's Second Amended Answer alleges that Plaintiff violated each regional agreement and imposed unreasonable standards as part of 'a scheme to defraud,' prohibited acts under each relevant state statute. . . . Defendant states a facially plausible claim."). This Court's prior opinions, as Plaintiff concedes, did not prevent Defendant from proving that Plaintiff "escalated CKH's costs and expenses, invaded its exclusive territories, and constructively terminated the parties' relationship." (ECF No. 180 at 13.) The question then is not whether Defendant's proposed allegations are connected to Defendant's fraud claims, because the answer is unequivocally "no"—this Court made clear Defendant's fraud claims may only proceed based on the "parties' course of dealings before the [2009 and 2010] agreements." *Safe Step*, 2018 WL 4539656, at *7. Rather, the question is whether Defendant's proposed allegations are connected to Defendant's breach of contract and statutory claims. Judge Smith did not reach this question in her ruling.

Rule 15(d) permits a party, "on motion and reasonable notice," "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Although the "language of Rule 15(d) is plainly permissive" and within this Court's authority to deny, "[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, [a Rule 15(d)] motion should be freely granted." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 256 (2d Cir. 2018) (citing *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)). As such, courts grant leave to supplement a pleading "so long as the supplemental facts are connected to the original pleading and there is no good reason to deny the request." *Kleeberg v. Eber*, 331 F.R.D. 302, 315 (S.D.N.Y. 2019).

Here, Defendant's supplemental allegations are "connected" to Defendant's theory (as stated by Plaintiff) that Plaintiff "escalated CKH's costs and expenses, invaded its exclusive territories, and constructively terminated the parties' relationship." (ECF No. 180 at 13.) The sale of Plaintiff's business to Ferguson was the "realization," alleges Defendant, of Plaintiff's "course of conduct." (ECF No. 167-1 ("Supplemental Pleadings") at ¶¶ 3, 7.) To position itself for sale to Ferguson, Plaintiff was "required" to take back "exclusive territories from franchisees," including Defendant. (*Id.* at ¶ 6.) In effect, Defendant now alleges Plaintiff's imposition of "unreasonable standards of performance upon Defendant" (Second Amended Answer with Counterclaims at ¶ 119), was colored not by "good cause" (see *Safe Step*, 2018 WL 4539656, at *4 (citing Second Amended Answer with Counterclaims at ¶¶ 146–159, 169–174, 192–97)), but rather by Plaintiff's ulterior motive to sell its business. Accordingly, Defendant's supplemental allegations are "connected" to Defendant's original theory that Plaintiff terminated the parties' agreements for pre-textual reasons. (Second Amended Answer with Counterclaims at ¶ 60.)

This Court sustains Defendant's objections and thus vacates Judge Smith's September 18, 2020 Ruling. Defendant is permitted to assert its Supplemental Pleadings, as drafted at ECF No. 167-1. Defendant is not permitted to additional discovery beyond discovery of sale documents referencing Defendant's exclusive franchise territories.

## CONCLUSION

Defendant's objections are SUSTAINED in part and OVERRULED in part.

Defendant's objections to Judge Smith's July 7, 2020 Ruling are SUSTAINED insofar as Judge Smith denied Defendant's motion to compel Plaintiff to produce documents relating to the sale of Safe Step to Ferguson.

Judge Smith's July 7, 2020 Ruling is thus VACATED to the extent it denies Defendant's motion to compel Plaintiff to produce these documents.  Defendant is entitled *only* to discovery of sale documents referencing Defendant's exclusive franchise territories.

Defendant's objections to Judge Smith's July 7, 2020 Ruling are OVERRULED in all other respects.

Defendant's objections to Judge Smith's September 18, 2020 Ruling are SUSTAINED.

Judge Smith's September 18, 2020 Ruling is thus VACATED.  Defendant is permitted to assert its Supplemental Pleadings, as drafted at ECF No. 167-1.  Defendant is not permitted to additional discovery beyond discovery of sale documents referencing Defendant's exclusive franchise territories, as referenced above.

The Clerk of Court is directed to terminate the motion at ECF No. 175.

SO ORDERED:

Dated:   January 31, 2023
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge